IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD CRAWFORD,

      Plaintiff,

vs.

MR. PARSON, MR. GLEASON, and
WELLS FARGO BANK,

      Defendants.
_____/

No. CIV S-07-2496 LEW EFB PS

ORDER

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2  520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the
3  Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain
4  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant
5  fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v.*
6  *Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41
7  (1957)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires
8  more than labels and conclusions, and a formulaic recitation of a cause of action's elements will
9  not do.  Factual allegations must be enough to raise a right to relief above the speculative level
10 on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).
11 perspicacious

12  Upon review of the complaint, the court has determined that it fails to comply with Rule
13 8(a)(2), as it does not contain a short and plain statement showing entitlement to relief.  It also
14 fails to satisfy Rule 8(a)(1), as it does not include the grounds upon which the court's jurisdiction
15 rests.  Fed. R. Civ. P. 8(a).

16  A federal court is a court of limited jurisdiction, and may adjudicate only those cases
17 authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.
18 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer
19 "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction
20 requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
21 "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
22 authorized by a federal statute that both regulates a specific subject matter and confers federal
23 jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity
24 jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
25 matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
26 *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff does not allege a basis for this court's jurisdiction. Rather, he has filed a form entitled "Instructions for Attorneys Completing Civil Cover Sheet Form JS 44," on which he has checked boxes indicating that jurisdiction is appropriate under 28 U.S.C. § 1331, but also because the United States is the plaintiff. *See* Compl., at 2. The remainder of the complaint consists of a form for pleading a claim of wrongful discharge based on breach of an employment contract. Plaintiff has filled in some of the blanks, and to the extent it is legible, it appears that he is asserting a state law claim for breach of contract. He alleges that a business called "We Hall Pacific Pipe" entered into an oral employment contract with him for the position of spot welder. Compl., at 3. Plaintiff alleges that his employer engaged in "wrongful default complaint" and asserts this was a violation of California law. *Id.*

To the extent plaintiff means to state a claim for wrongful discharge in violation of public policy, "[i]t is state, not federal, law that creates [that] cause of action. . . ." *Rains v. Criterion Sys.*, 80 F.3d 339, 343 (9th Cir. 1996). Plaintiff does not allege a claim under Title VII, nor does he otherwise state a claim under federal law. Further, it is unclear from the caption and body of the complaint which defendants plaintiff means to sue. He identifies in the caption a "Mr. Pearson" and a "Mr. Gleason" but does not provide further identifying information for purposes of service of process, nor does he otherwise link these individuals to any allegations in the complaint. Similarly, it appears that plaintiff has named "Wells Fargo Bank" in the caption, but he fails to state a claim against this entity in the body of the complaint. Finally, plaintiff names "We Hall Pacific Pipe" in the body of the complaint, but has not identified this entity as a defendant in the caption.

////

////

1 Because the court is unable to determine either a basis for this court's jurisdiction or the
2 causes of action plaintiff means to allege against each defendant, the court must dismiss the
3 complaint pursuant to Fed. R. Civ. P. 8.  However, the court will grant plaintiff leave to file an
4 amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein.
5 *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro
6 se litigants an opportunity to amend to correct any deficiency in their complaints).  Should
7 plaintiff choose to file an amended complaint, he shall identify each defendant in both the
8 caption and the body of the amended complaint, and clearly set forth the allegations against each
9 such defendant.  He shall also specify a basis for this court's subject matter jurisdiction.

10 Plaintiff is further informed that, should he file an amended complaint, the court cannot
11 refer to prior pleadings in order to make an amended complaint complete.  Local Rule 15-220
12 requires that an amended complaint be complete in itself.  This is because, as a general rule, an
13 amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th
14 Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves
15 any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the
16 original complaint which are not alleged in the amended complaint," *London v. Coopers &*
17 *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint
18 are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

19 Accordingly, IT IS ORDERED that:

20 1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

21 2. Plaintiff's complaint is dismissed with leave to amend; and,

22 3. Plaintiff is granted thirty days from the date of service of this order to file an amended
23 complaint.  The amended complaint must bear the docket number assigned to this case and must
24 be labeled "Amended Complaint."  Plaintiff must file an original and two copies of the amended
25 ////
26 ////

1 complaint. Failure to timely file an amended complaint in accordance with this order will result
2 in a recommendation this action be dismissed.
3 DATED: April 7, 2008.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE